UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Miguel Ramirez, | ) C/A No. 4:12-0028-JMC-TER |
|---|---|
| Petitioner, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| Warden, FCI Edgefield, | ) |
| Respondent. | ) |

Petitioner Miguel Ramirez ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at the Federal Correctional Institution in Edgefield, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner challenges his federal sentence as illegal and unconstitutional. For the reasons that follow, the undersigned recommends the District Court dismiss the § 2241 Petition in this case.

### *Pro Se* Habeas Review

This Court is charged with screening Petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). This Court is also required to construe *pro se* petitions liberally. *See Erickson*

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

*v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir.1990).

## Background

Petitioner pled guilty in the United States District Court for the Northern District of California ("Sentencing Court") to violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute heroin. He was sentenced on February 25, 2009, to one hundred twenty (120) months imprisonment followed by four (4) years of supervised release. ECF No. 1; *see also United States v. Ramirez*, 3:07-cr–645-MMC-7 (N.D.Cal. February 25, 2009).[2] Petitioner did not file a direct appeal of his conviction and sentence, nor has he filed a motion challenging his sentence under 28 U.S.C. § 2255 in the sentencing court. Petitioner is currently incarcerated within the jurisdiction of the District of South Carolina, and has filed a habeas petition pursuant to 28 U.S.C. § 2241

---

[2] The Court takes judicial notice of Petitioner's criminal proceeding. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

challenging his federal sentence as "illegal" and "unconstitutional." ECF No. 1.

## Discussion

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir.2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir.1997). Section 2255 states:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that *the sentence was imposed in violation of the Constitution or laws of the United States*, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). In his § 2241 habeas petition, Petitioner claims points added to his criminal history at the time he was sentenced were illegal under the "Recency Act" and unconstitutional under the Eighth Amendment. Petitioner challenges his federal sentence, so the proper avenue for relief would be a § 2255 motion in the Sentencing Court, rather than through a § 2241 habeas petition in this Court, the district where Petitioner is confined.

A petition under § 2241 is available for a federal prisoner to collaterally attack his sentence, only when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless* it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added). This Court is prohibited from considering Petitioner's § 2241

3

petition unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. Petitioner has failed to file a motion for relief pursuant to § 2255 in the Sentencing Court.[3] Furthermore, to trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to show that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34. Petitioner's claims do not fall under these criteria, and are insufficient to invoke the savings clause embodied in § 2255. As such, he is barred from proceeding under § 2241 and his Petition should be dismissed.

**Recommendation**

Accordingly, it is recommended that the District Court dismiss the § 2241 Petition without prejudice and without requiring the Respondent to file a return. Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

April 30, 2012
Florence, South Carolina

---

[3] Even if an action under § 2255 is barred as untimely, § 2241 is not available. *Rice v. Rivera*, 617 F. 2d at 807 ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because ... an individual is procedurally barred from filing a § 2255 motion," quoting *In re Vial*, 115 F.2d at 1194, n. 5.).

**The Plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).